10-3574-cr
United States v. Parker

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of October, two thousand eleven.

PRESENT:
  JOSÉ A. CABRANES,
  DEBRA ANN LIVINGSTON,
  DENNY CHIN.
    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

  *Appellee,*

  -v.-               No. 10-3574-cr

TRYN PARKER,

  *Defendant-Appellant.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**  Christopher S. Ciaccio, Law Office of Christopher S. Ciaccio, Rochester, NY.

**FOR APPELLEE:**  Tiffany H. Lee, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Rochester, NY.

Appeal from an August 30, 2010 judgment of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

Defendant-appellant Tryn Parker challenges the substantive and procedural reasonableness of a 30-month non-Guidelines sentence the District Court imposed for conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349.

## BACKGROUND

We assume the parties' familiarity with the factual history and proceedings below. Briefly, Parker pled guilty, pursuant to a written plea agreement, to Count 1 of a nine-count Superseding Indictment charging him with conspiracy to commit bank fraud. At the time of the plea, Parker had served approximately 14 months in pre-trial detention, and was released on conditions.

At the sentencing proceeding on August 25, 2010, the District Court first considered the Sentencing Guidelines. The Pre-Sentence Report ("PSR") assigned a total offense level of 10 and a level IV criminal history, which yielded an advisory range of imprisonment for the bank fraud count of 15 to 21 months. The District Court also noted that it was not bound by the Guidelines, and that it must consider the sentencing factors enumerated under 18 U.S.C. § 3553(a), "including the nature of the offense; the history and characteristics of the particular defendant; the need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment; to afford adequate deterrence; and to protect the public." After considering the unique facts of the case, the District Court concluded that an upward departure from the Guidelines range was necessary to account appropriately for the factors under § 3553(a) and sentenced Parker to a 30-month term of imprisonment. On August 30, 2010, the District Court filed a written judgment setting forth the reasons for its sentence.

On October 13, 2010, Parker failed to self-surrender to the designated correctional facility in New York as he had been instructed to do by letter from the U.S. Marshals Service. He was finally apprehended in Tuscaloosa, Alabama on or about February 13, 2011, where he was charged with Obstructing Justice Using a False Identification for conduct unrelated to the present case.

## I.

We review the District Court's sentence determination under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). This review includes both procedural and substantive components. A sentence is procedurally reasonable as long as the District Court did not commit a "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51.

Assuming the sentence is procedurally sound, we then "consider the substantive reasonableness of the sentence imposed, . . . tak[ing] into account the totality of the circumstances." *Id.* When a sentence falls outside the Guidelines range, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance," *id.*, and will reverse only when the sentence "cannot be located within the range of permissible decisions," *Cavera*, 550 F.3d at 189 (internal quotation marks omitted).

## II.

The District Court did not abuse its discretion in sentencing Parker to a 30-month term of imprisonment after he pled guilty to bank fraud pursuant to a written plea agreement; the sentence was both procedurally and substantively reasonable.

First, the sentence was procedurally reasonable because the District Court did not commit a "significant procedural error" in deciding Parker's sentence. *See Gall*, 552 U.S. at 51. The District Court considered the Guidelines and the sentencing factors under 18 U.S.C. § 3553(a), and determined, based on an individualized assessment of the facts, that an upward departure from the advisory guidelines range was appropriate. It then adequately explained the reasons for its chosen sentence during the sentencing proceeding and in a written judgment. Of particular concern to the District Court, Parker had a recent history of committing similar crimes, for which he had generally received lenient treatment, such as probation. Moreover, the District Court found that Parker's state conviction for witness intimidation and prior noncompliance with the terms of a probation sentence demonstrated a general disregard for the law. Based on its individualized assessment of the facts, the District Court concluded that the PSR's assignment of a level IV criminal history "underestimate[d] both the seriousness of [Parker's] conduct and especially the likelihood that [Parker would] offend again." (Sentencing Hr'g Tr., Aug. 25, 2010, at 13:12-17.) Accordingly, the District Court settled on a non-Guidelines sentence of a 30-month term of imprisonment to account for relevant § 3553(a) factors, including the need for the sentence to promote respect for the law, afford adequate deterrence, and protect the public. The procedure followed by the District Court in deciding the appropriate sentence was thus proper and reasonable. *See Gall*, 552 U.S. at 49-50 & n.6.

Second, the sentence was substantively reasonable because the District Court assessed the facts and concluded that the § 3553(a) factors, on a whole, justified a nine-month departure from the Guidelines range. The District Court was best positioned to determine the appropriate sentence in light of the facts before it and it dutifully exercised its informed discretion in forming an individualized sentence. *See Cavera*, 550 F.3d at 191. The nine-month departure from the Guidelines was entirely reasonable based on the full record before the District Court and the factors on which it relied, and which it stated from the bench during sentencing and in its judgment. Accordingly, the District Court's sentence is entitled to deference. *See Gall*, 552 U.S. at 51.

## **CONCLUSION**

We have considered all of Parker's arguments on appeal and find them to be without merit. For the reasons stated above, the order of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3